ERIC AMDURSKY (S.B. #180288)
eamdursky@omm.com
ADAM P. KOHSWEENEY (S.B. #229983)
akohsweeney@omm.com
ANNA M. ROTROSEN (S.B. #341843)
arotrosen@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center 28th Floor
San Francisco, CA 94111-3823
Telephone:  (415) 984-8700
Facsimile:   (415) 984-8701

Attorneys for Defendant
SKORPIOS TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK GILL<br><br>                    Plaintiff,<br><br>          v.<br><br>SKORPIOS TECHNOLOGIES, INC.,<br>and DOES 1 through 30,<br><br>                    Defendants. | Case No. 5:24-cv-01868<br><br>**SKORPIOS TECHNOLOGIES, INC.'S ANSWER AND DEFENSES TO COMPLAINT** |

Defendant Skorpios Technologies, Inc. ("STI"), by and through its attorneys O'Melveny & Myers LLP, hereby files its Answer and Affirmative Defenses to the Complaint (ECF No. 1 Exhibit B, the "Complaint") of Plaintiff Mark Gill ("Plaintiff"), and admits, denies, and avers as follows:

## NATURE OF ACTION[1]

1.    The allegations contained in Paragraph 1 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 1, except for the following:  STI admits that it formerly employed Plaintiff; and STI admits that its personnel records indicate that Plaintiff provided it with a place of residence in Riverside County, California.

2.    The allegations contained in Paragraph 2 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 2, and avers the following:  STI is a Delaware corporation with a principal place of business located in Albuquerque, New Mexico.

3.    The allegations contained in Paragraph 3 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 3, except for the following: STI admits that Plaintiff purports to sue certain Doe defendants.

4.    The allegations contained in Paragraph 4 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 4.

5.    The allegations contained in Paragraph 5 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph

---

[1] The heading and titles contained in the Complaint and reproduced herein are not factual allegations and therefore no response is required.  To the extent a response may be required, STI denies any and all allegations contained in or referenced by the headings and titles.

CASE NO. 5:24-CV-01868
SKORPIOS TECHNOLOGIES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

5, except for the following:  STI admits that Plaintiff purports to sue thirty Doe defendants.

6.    The allegations contained in Paragraph 6 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 6.

7.    The allegations contained in Paragraph 7 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 7.

8.    The allegations contained in Paragraph 8 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 8.

9.    The allegations contained in Paragraph 9 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 9.

10.    The allegations contained in Paragraph 10 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 10.

11.    The allegations contained in Paragraph 11 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 11, except as follows:  STI admits that Plaintiff purports to seek to recover reasonable attorneys' fees.

1

## **EXHAUSTION**

2  12.  The allegations contained in Paragraph 12 of the Complaint state legal

3  conclusions, to which no responsive pleading is required, but to the extent a

4  responsive pleading is required, STI denies each and every allegation in Paragraph

5  12, except for the following: STI admits that Plaintiff sent a letter to the California

6  Labor and Workforce Development Agency ("LWDA") dated March 29, 2024,

7  purportedly pursuant to the California Labor Code Private Attorneys General Act,

8  Labor Code §§ 2698 *et seq.* ("PAGA"); STI admits that Plaintiff purports to bring

9  claims on behalf of "former employees of [STI] who were denied their wages at

10  separation"; and STI alleges that it is without sufficient information or knowledge

11  to form a belief regarding Plaintiff's statement that "Plaintiff has not been advised

12  that the LWDA intends to pursue the claim" and on that basis denies it.

13

## **BACKGROUND**

14  13.  The allegations contained in Paragraph 13 of the Complaint state legal

15  conclusions, to which no responsive pleading is required, but to the extent a

16  responsive pleading is required, STI denies each and every allegation in Paragraph

17  13, except for the following: STI admits that Plaintiff was hired in March 2023;

18  and STI avers that Plaintiff was continually employed through his voluntary

19  retirement in May 2024.

20  14.  The allegations contained in Paragraph 14 of the Complaint state legal

21  conclusions, to which no responsive pleading is required, but to the extent a

22  responsive pleading is required, STI denies each and every allegation in Paragraph

23  14.

24  15.  The allegations contained in Paragraph 15 of the Complaint state legal

25  conclusions, to which no responsive pleading is required, but to the extent a

26  responsive pleading is required, STI denies each and every allegation in Paragraph

27  15.

28

CASE NO. 5:24-CV-01868
SKORPIOS TECHNOLOGIES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

16.     The allegations contained in Paragraph 16 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 16.

17.     The allegations contained in Paragraph 17 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 17, and avers the following:  Plaintiff was employed by STI from March 2023 until his voluntary retirement in May 2024; and Plaintiff was timely paid out his accrued but unused vacation and all other wages due upon his separation in May 2024.

18.     The allegations contained in Paragraph 18 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 18.

19.     The allegations contained in Paragraph 19 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 19.

20.     The allegations contained in Paragraph 20 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 20.

21.     The allegations contained in Paragraph 21 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 21, except for the following:  STI admits that Plaintiff sent a letter to the LWDA, purportedly pursuant to PAGA; and STI admits that Plaintiff purports to bring

claims on behalf of "employees who were improperly denied their wages at separation."

## FIRST CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES AT SEPARATION

### (AGAINST ALL DEFENDANTS)

22.    STI incorporates its responses to Paragraphs 1 – 21, *supra*, as if fully restated here.

23.    The allegations contained in Paragraph 23 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 23.

24.    The allegations contained in Paragraph 24 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 24.

25.    The Complaint omits the twenty-fifth (25th) numbered paragraph and accordingly no response is possible.

26.    The allegations contained in Paragraph 26 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 26.

27.    The allegations contained in Paragraph 27 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 27.

28.    The allegations contained in Paragraph 28 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a

responsive pleading is required, STI denies each and every allegation in Paragraph 28, except for the following: STI admits that Plaintiff's hourly rate was thirty-two U.S. Dollars and no cents ($32.00) per hour.

29.     The allegations contained in Paragraph 29 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 29.

30.     The allegations contained in Paragraph 30 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 30, except for the following:  STI admits that Plaintiff has retained counsel; and STI admits that Plaintiff purports to seek to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

## WAITING TIME PENALTIES (CAL. LABOR CODE § 203)

## (AGAINST ALL DEFENDANTS)

31.     STI incorporates its responses to Paragraphs 1 – 30, *supra*, as if fully restated here.

32.     The allegations contained in Paragraph 32 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 32.

33.     The allegations contained in Paragraph 33 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 33.

34.     The allegations contained in Paragraph 34 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a

responsive pleading is required, STI denies each and every allegation in Paragraph
34.

35.    The allegations contained in Paragraph 35 of the Complaint state legal
conclusions, to which no responsive pleading is required, but to the extent a
responsive pleading is required, STI denies each and every allegation in Paragraph
35.

36.    The allegations contained in Paragraph 36 of the Complaint state legal
conclusions, to which no responsive pleading is required, but to the extent a
responsive pleading is required, STI denies each and every allegation in Paragraph
36.

37.    The allegations contained in Paragraph 37 of the Complaint state legal
conclusions, to which no responsive pleading is required, but to the extent a
responsive pleading is required, STI denies each and every allegation in Paragraph
37, except for the following:  STI admits that Plaintiff purports to recover waiting
time penalties in the amount of seven thousand, six hundred and eighty U.S. Dollars
and no cents ($7,680.00).

38.    The allegations contained in Paragraph 38 of the Complaint state legal
conclusions, to which no responsive pleading is required, but to the extent a
responsive pleading is required, STI denies each and every allegation in Paragraph
38, except for the following:  STI admits that Plaintiff purports to have hired an
attorney; and STI admits that Plaintiff purports to seek to recover reasonable
attorneys' fees.

### THIRD CAUSE OF ACTION

### PRIVATE ATTORNEYS GENERAL ACT

### (CAL. LABOR CODE § 2633 [sic], *et seq.*)

### (AGAINST ALL DEFENDANTS)

39.     STI incorporates its responses to Paragraphs 1 – 38, *supra*, as if fully restated here.

40.     The allegations contained in Paragraph 40 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 40.

41.     The allegations contained in Paragraph 41 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 41, except for the following:  STI admits that Plaintiff sent a letter to the LWDA dated March 29, 2024, purportedly pursuant to PAGA; STI admits that a copy of said letter is attached as Exhibit A to the Complaint; and STI avers that the content of said letter speaks for itself.

42.     The allegations contained in Paragraph 42 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 42, except for the following:  STI alleges that it is without sufficient information or knowledge to form a belief regarding Plaintiff's statement that "there has been no election by the LWDA to pursue the claims" and on that basis denies it.

43.     The allegations contained in Paragraph 43 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 43.

44.    The allegations contained in Paragraph 44 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 44, except for the following:  STI admits that Plaintiff purports to seek to recover penalties pursuant to PAGA.

45.    The allegations contained in Paragraph 45 of the Complaint state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is required, STI denies each and every allegation in Paragraph 45, except for the following:  STI admits that Plaintiff purports to seek to recover reasonable attorneys' fees.

### PRAYER FOR RELIEF

The allegations in the "Prayer for Relief" following Paragraph 45 of the Complaint are conclusions of law for which no response is required, but to the extent a responsive pleading is required, STI denies each and every allegation in the Prayer for Relief and further denies that (i) either Plaintiff or the other allegedly aggrieved employees were damaged in the sum alleged or sums alleged or in any sum at all; and (ii) either Plaintiff or the other allegedly aggrieved employees are entitled to any recovery at all.

### GENERAL DENIAL AND RESERVATION

All allegations not hereinabove specifically admitted, denied, or otherwise explained are here and now denied in their entirety by STI.

### STI'S DEFENSES

STI reserves the right to rely upon any of the following or additional defenses to the claims asserted Plaintiff to the extent that such defenses, including any defenses asserted by another party, are supported by information developed through discovery or evidence at trial.  STI reserves the right to assert additional defenses as they are revealed through the discovery and investigation of this matter.

CASE NO. 5:24-CV-01868
SKORPIOS TECHNOLOGIES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

STI further reserves the right to amend this Answer to assert additional defenses and other claims as discovery proceeds.

Accordingly, without assuming any burden of proof that it would not otherwise bear, and reserving its right to assert other defenses as discovery proceeds, STI asserts the following affirmative defenses to the purported claims set forth in the Complaint.

## FIRST AFFIRMATIVE DEFENSE
### Failure to State a Cause of Action

Plaintiff's claims and the claims of any allegedly aggrieved employees on whose behalf Plaintiff purports to bring claims under PAGA are barred, in whole or in part, to the extent they fail to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE
### Failure to State a Cause of Action for Damages

The claims of Plaintiff and the claims of any allegedly aggrieved employees on whose behalf Plaintiff purports to bring claims under PAGA are barred, in whole or in part, for failure to state a cause of action against STI for unpaid wages, compensatory damages, actual or consequential damages, special or incidental damages, disgorgement, or restitution, statutory penalties, declaratory or injunctive relief, interest, or attorneys' fees and costs. Plaintiff and any allegedly aggrieved employees have sustained no damages or, if any, *de minimis* damages, which are not actionable under applicable law.

## THIRD AFFIRMATIVE DEFENSE
### Compliant Policies

Plaintiff's claims and the claims of any allegedly aggrieved employees on whose behalf Plaintiff purports to bring claims under PAGA are barred, in whole or in part, because STI had a policy and practice of paying out accrued but unused vacation upon separation in compliance with applicable law.

## FOURTH AFFIRMATIVE DEFENSE

### Statute of Limitations

The claims of Plaintiff and the claims of any allegedly aggrieved employees on whose behalf Plaintiff purports to bring claims under PAGA, or some of them, are barred, in whole or in part, by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

### Waiver

Plaintiff's claims and the claims of any allegedly aggrieved employees on whose behalf Plaintiff purports to bring claims under PAGA, or some of them, may have been waived, discharged, and/or abandoned, including by agreements with STI.

## SIXTH AFFIRMATIVE DEFENSE

### Estoppel

Plaintiff's claims and the claims of any allegedly aggrieved employees on whose behalf Plaintiff purports to bring claims under PAGA, or some of them, are barred in whole or in part because Plaintiff and/or the allegedly aggrieved employees are estopped by their own conduct to benefit from any right to damages or other monetary relief from STI.

## SEVENTH AFFIRMATIVE DEFENSE

### Adequate Remedy at Law

Plaintiff's requests for injunctive relief are barred because Plaintiff has an adequate remedy at law and/or the other requirements for granting injunctive relief cannot be satisfied.

## EIGHTH AFFIRMATIVE DEFENSE

### Good Faith

Plaintiff's claims and the claims of any allegedly aggrieved employees on whose behalf Plaintiff purports to bring claims under PAGA, or some of them, are

barred in whole or in part because STI has at all times material to this matter acted in good faith in conformity with and in reliance on statute, common law, and the written administrative regulations, orders, rulings, guidelines, approvals and/or interpretations of governmental agencies, and on the basis of a good-faith and reasonable belief that it had complied fully with applicable laws.

## NINTH AFFIRMATIVE DEFENSE

### No "Willful" Violations

Neither Plaintiff nor any allegedly aggrieved employee is entitled to "waiting time" penalties because any wages due at the time of separation from employment were paid consistent with California Labor Code §§ 201 & 202 and/or because STI's behavior was not willful within the meaning of California Labor Code § 203.

## TENTH AFFIRMATIVE DEFENSE

### No Representative Action

Plaintiff's claims, and each of them, cannot and should not be maintained on a representative basis because those claims, and each of them, fail to meet the necessary requirements, including, *inter alia*, standing, class ascertainability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the representative plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### Unconstitutional Representative Action

Any finding of liability pursuant to California Labor Code §§ 2698 *et seq.* would violate the Due Process Clauses of the United States and California Constitutions because the standards of liability under those statutes are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate government interest.

## TWELFTH AFFIRMATIVE DEFENSE

### No Non-Class Representative Action

Any finding of liability pursuant to California Labor Code §§ 2698 *et seq*. on a non-class representative basis, without individualized proof of each alleged violation with regard to each allegedly aggrieved employee, would violate Defendant's rights, including but not limited to those under the United States Constitution and the California Constitution, because of the complex factual nature of Plaintiff's claims and the lack of factual similarity to other allegedly aggrieved employees.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Failure to Exhaust

Plaintiff's claims pursuant to California Labor Code §§ 2698 *et seq*., and the claims of each allegedly aggrieved employee as set forth in the Complaint, or some of them, are barred in whole or in part because Plaintiff failed to satisfy the jurisdictional prerequisites mandated by said statute, including but not limited to the requirement to provide sufficient notice of his factual allegations and/or theories of liability to (i) allow the Labor and Workforce Development Agency to assess the alleged violations or (ii) allow Defendant to determine what policies or practices were being complained of.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Excessive Fines

Under the circumstances of this case, any award of penalties pursuant to PAGA and/or Labor Code § 203 would violate the Excessive Fines and Due Process Clauses of the United States Constitution and/or the California Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Setoff and Recoupment

If any damages have been sustained by virtue of the conduct complained of, although such is not admitted hereby or herein and is specifically denied, STI is entitled under the equitable doctrine of setoff and recoupment to offset all obligations owed by Plaintiff and/or allegedly aggrieved employees to STI against any judgment that may be entered against STI.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Standing

The claims of Plaintiff and/or the claims of any allegedly aggrieved employees on whose behalf Plaintiff purports to bring claims under PAGA are barred in whole or in part due to lack of standing.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Preclusion

The claims of Plaintiff and/or the claims of any allegedly aggrieved employees on whose behalf Plaintiff purports to bring claims under PAGA, or some of them, are barred in whole or in part by the doctrines of res judicata, collateral estoppel, claim preclusion, and issue preclusion.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Mandatory Arbitration

The First and Second Caused of Action, and the individual component of the Third Cause of Action, may not be litigated in court because said claims are subject to individual, mandatory, final, and binding arbitration. *See, e.g.*, *Adolph v. Uber Techs., Inc.*, 14 Cal. 5th 1104 (2023); *Duran v. EmployBridge Holding Co.*, 92 Cal. App. 5th 59 (2023).

## NINETEENTH AFFIRMATIVE DEFENSE

### Unclean Hands

CASE NO. 5:24-CV-01868
SKORPIOS TECHNOLOGIES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

The claims of Plaintiff and/or the claims of any allegedly aggrieved employees on whose behalf Plaintiff purports to bring claims under PAGA are barred, in whole or in part, by the Plaintiff's and the allegedly aggrieved employees' unclean hands and/or inequitable or wrongful conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

### Satisfaction & Accord

Plaintiff's claims, and the claims of the putative members of the purported class, classes, subclasses, and/or collective as set forth in the Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction and payment..

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### Release

Plaintiff's claims, and/or the claims of any allegedly aggrieved employees on whose behalf Plaintiff purports to bring claims under PAGA, or some of them, are barred in whole or in part because said claims have been released by the employee(s) in question.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### Laches

Plaintiff's claims, and/or the claims of any allegedly aggrieved employees on whose behalf Plaintiff purports to bring claims under PAGA, or some of them, are barred in whole or in part by the doctrine of laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### Issues Triable by Jury

Plaintiff is not entitled to have equitable issues or matters of law tried by a jury, and Plaintiff's demand for a jury trial should be so limited.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### No Private Right of Action

Plaintiff's claims, or some of them, are barred to the extent they are brought under California Labor Code § 226.7, as there is no private right of action under said statute.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Frivolous Claims

Plaintiff's claims, and each of them, brought on behalf of himself and the allegedly aggrieved employees on whose behalf Plaintiff purports to bring claims under PAGA, or some of them, are "frivolous, unreasonable, or groundless" within the meaning of *Christianburg v. Garment Co. v. EEOC*, 434 U.S. 412 (1978) and *Cummings v. Benco Building Servs*., 11 Cal. App. 4th 383 (1992), and, accordingly, Defendant should recover all costs and attorneys' fees incurred herein.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### Award of Costs

STI is entitled to costs under Federal Rule of Civil Procedure 41(d).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

STI is informed and believes and on that basis alleges that STI may have additional defenses available, which are not now fully known and of which it is not now aware. STI reserves the right to raise and assert such additional defenses once such additional defenses have been ascertained.

## STI'S PRAYER FOR RELIEF

**WHEREFORE**, STI respectfully requests:

1.    That the Complaint and each cause of action therein be dismissed with prejudice;

2.    That Plaintiff's request for an injunction, an award of damages, liquidated damages, penalties, and other relief be denied in their

CASE NO. 5:24-CV-01868
SKORPIOS TECHNOLOGIES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

entirety, and that Plaintiff take nothing by way of the Complaint; and

      3.     That the Court award STI such other and further relief as the Court may deem just and proper.

Dated:  September 6, 2024

O'MELVENY & MYERS LLP
ERIC AMDURSKY
ADAM P. KOHSWEENEY
ANNA M. ROTROSEN

By: */s/ Adam P. KohSweeney*
      Adam P. KohSweeney

Attorneys for Defendant
Skorpios Technologies, Inc.