UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-01868-SSS-DTBx | Date | May 28, 2025 |
| Title | *Mark Gill v. Skorpios Technologies, Inc. et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING PLAINTIFF'S EX PARTE APPLICATIONS [DKTS. 23, 24]**

   Before the Court is an Ex Parte Application for Settlement Approval and an Ex Parte Application for Attorney's Fees ("Applications") filed by Plaintiff Mark Gill.  [Dkts. 23, 24].  For the following reasons, the Applications are **DENIED**.

   To justify *ex parte* relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect."  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

   Gill has not demonstrated irreparable prejudice if the underlying motions for settlement approval and attorney's fees are heard according to regular noticed motion procedures.  Gill states *ex parte* relief for settlement approval is warranted because it will benefit impacted employees and permit Defendant to "move on."  [Dkt. 23 at 8].  This does not show irreparable prejudice.  Gill also claims the "deadline to move forward on individual acts" is "swiftly approaching," but does not provide any indication those deadlines would conflict with regularly noticed

motion procedure.  [*See id*.].  Gill provides no reason for why his counsel would be irreparably harmed by a noticed motion for attorney's fees.  [*See* Dkt. 24].

Accordingly, Gill has failed to show why *ex parte* relief is warranted, and the Court **DENIES** the Applications.  [Dkts. 23, 24].

**IT IS SO ORDERED.**