Charles P. Boylston, SBN 204955
Amber S. Jones, SBN      317786
The Law Offices of Charles P. Boylston, APC
41955 Fourth St., Suite 300
Temecula, CA 92590
Phone -      (909) 825-9276
cboylston@boylstonlaw.com
ajones@boylstonlaw.com

Attorneys for Plaintiff, Mark Gill

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

MARK GILL,

        Plaintiff,

  vs.

SKORPIOS  TECHNOLOGIES,  INC., and DOES 1 through 30,

        Defendants.

CASE NO.:  5:24-CV-01868

**PLAINTIFF'S UNOPPOSED APPLICATION RE: PAGA SETTLEMENT APPROVAL; MEMORANDUM OF POINTS AND AUTHORITIES**

[*filed concurrently with [Proposed] Order and Declaration of Charles P. Boylston*]

1      TO THE COURT, ALL PARTIES HEREIN AND THEIR COUNSEL OF

2  RECORD:

3      **PLEASE TAKE NOTICE** that on July 11, 2025, at 2:00 p.m., or as soon

4  thereafter as the matter may be heard, in Courtroom 2 of the above-entitled Court

5  Plaintiff, Mark Gill ("Plaintiff"), in a Representative capacity only, and on behalf of

6  other members of the general public similarly situated, seek the Court's approval of

7  the recent Private Attorneys General Act ("PAGA") Settlement. Therefore, this

8  application is based on this Notice, the Memorandum of Points and authorities in

9  support thereof, the Declaration of Charles P. Boylston, and the Proposed Order.

10

11  Dated: June 13, 2025        The Law Offices of Charles P. Boylston, APC

12

13  _____

14                  Charles P. Boylston, Esq.,

15                  Amber S. Jones, Esq.

16                  Attorneys for PLAINTIFFS, Mark Gill &

17                  Denise Fischer

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S UNOPPOSED APPLICATION RE: PAGA SETTLEMENT APPROVAL - 2**

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, Mark Gill, and Denise Fischer, in a Representative capacity only, and on behalf of other members of the general public similarly situated, respectfully submit their Application for Approval of PAGA Representative Settlement concurrent with their Application for Approval of Attorneys' Fee Award. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 13, 2025. These requests are unopposed. The Labor and Workforce Development Agency ("LWDA") was timely and repeatedly notified of this proposal and does not object. Counsel, Adam KohSweeney and Anna M. Rotrosen, for Defendant have indicated that Defendant will not oppose this application. Mr. KohSweeney can be reached by phone at 415-984-8912 and by email at akohsweeney@omm.com. Ms. Rotrosen can be reached by phone at 415-984-8912 and by email at arotrosen@omm.com.

## I.

## SUMMARY OF APPLICATION

This lawsuit was filed under Labor Code §2698 *et seq.* against Defendant, Skorpios Technologies, Inc. ("Defendant"). The lawsuit filed contained individual claims and PAGA claims. The PAGA claim is brought on behalf of other similarly situation employees to Mark Gill and Denise Fischer[1], who were alleged to have been denied payment of vacation wages due at separation, therefore, entitling those employees to penalties under Labor Code §203. The PAGA portion of the lawsuit has been brought for penalties pursuant to California Labor Code §2698 *et seq.* There are approximately twenty-four (24) aggrieved employees at issue (Declaration. of Charles P. Boylston in Support of Plaintiff's Application for Preliminary Approval

---

[1] Ms. Fischer is an additional class representative. The parties have agreed to permit an amended complaint to be filed including Ms. Fischer as a class representative solely for the purposes of settlement. If the matter is not resolved the parties are to meet and confer on amending the complaint or otherwise deciding how the matter is to proceed.

of PAGA Settlement, ¶ 5) (hereinafter, unless otherwise noted, referred to as Decl. of Charles P. Boylston).

Plaintiff's counsel and Defense counsel have both had numerous discussions regarding the claims in the above-entitled matter. After the Parties discussed the matter in detail, information was exchanged, including spreadsheets showing by identification number the aggrieved employees, arguably the amounts they would be owed as penalties, including amounts available under Labor Code §203, as well as amounts Defendants alleged would offset any penalties based upon insurance payments made on behalf of those aggrieved employees during the time they were furloughed. (Decl. of Charles P. Boylston ¶5).

The Parties remain in disagreement as to the availability under Labor Code §203 for penalties in circumstances wherein employees have been furloughed, and in particular, where those employees have received insurance benefits during the time that they were furloughed. After further discussions and in the interest of resolving the matter, the Parties agreed to resolve the alleged aggrieved employee claims, in exchange for the obligations, promises, terms and conditions, as set forth in the settlement agreement which is attached to the Declaration of Charles P. Boylston as "Exhibit No. 1".

Plaintiff's counsel first notified the LWDA of its claim on March 29, 2024. (Decl. of Charles P.  Boylston ¶ 7). Following that date, an additional notice was sent to the LWDA regarding a proposed additional class representative, Denise Fischer, on September 18, 2024. (Decl. of Charles P. Boylston ¶ 8). At no point through the preparation of this application has the LWDA advised that it would intervene.

On December 10, 2024, the LWDA further indicated it had no claim as to the actual Labor Code §203 penalties, and that only the PAGA penalties collected in this matter that would otherwise go to the state (Ca. Labor Code § 2699) would be subject to the 65/35% split. (Decl. of Charles P. Boylston ¶ 10).

On May 15, 2025, Plaintiff's counsel uploaded to the LWDA electronic filing portal, Plaintiff's signed joint stipulation of settlement and release under the Private Attorneys General Act and California Labor Code §2698 et seq. (Decl. of Charles P. Boylston ¶ 11). Plaintiff's counsel has not received notice that the LWDA would intervene.  On May 15, 2025, Plaintiff's counsel uploaded to the LWDA electronic filing portal a copy of this entire Application and the Application for order proving reasonable attorney fees.  Plaintiff's counsel has not received notice that the LWDA would intervene.

Pursuant to this court's orders, the settlement documentation in this case was to be submitted on or before May 16, 2025. Plaintiff did submit this application on an ex parte basis on May 16, 2025. On May 28, 2025, the Court denied hearing the motion on an ex parte basis. Therefore, Plaintiff is filing this application as well as Plaintiff's counsel's motion for attorney fees, through regularly noticed motions. Throughout this matter, Plaintiff's counsel and Defense counsel have agreed to all the terms and furthermore, Defendant has specifically represented that they will not oppose this application or application for approval of reasonable attorney fees. Based on the age of the case, the lack of intervention by LWDA, the denial of entitlement to the majority of penalties in this matter, and the lack of opposition to the applications, and agreement as set forth in the stipulation, counsel respectfully requests this court consider these papers

The Gross Settlement Value of the proposed Settlement is $51,500.00 which is broken down as follows:

- $20,125.00 to be distributed in accordance with the stipulated settlement agreement to aggrieved employees regarding individual claims;
- $500.00 to be distributed to Representative Plaintiff Gill as an individual enhancement;

- $500.00 to be distributed to Representative Fischer as an individual enhancement
- $23,500.00 Attorneys' Fees and Costs of suit;
- $6,875.00 as penalties under Ca. Labor Code §2699(i) further allocated as:
  - (65%) of the PAGA Settlement shall be awarded and assigned to the LWDA as penalties under the Private Attorneys General Act for a total to be awarded to the LWDA of $4,468.75;
  - 35% of the PAGA portion of the settlement shall be disbursed as individual settlement amounts to the aggrieved employees for a total of $2,406.25 of the PAGA penalties to be distributed to the aggrieved employees in a pro rata portion as further detailed in the stipulated settlement agreement.

The individual penalties under Labor Code § 203 are being distributed as further set forth in the settlement agreement essentially at a pro rata basis to the employees considering the entire settlement amount, the employee's portion of that settlement amount, and potential Labor Code §203 penalties if the matter was fully litigated and the employees were deemed to have claims for Labor Code § 203 penalties. The proposed distribution further considers an offset by any amounts the employees may owe the employer is repayment for insurance benefits during the time period those employees were furloughed.

## II.

## <u>CONTROLLING AUTHORITY</u>

PAGA "authorizes an employee to bring an action for civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees." *Iskanian v. CLS Trans. Los Angeles* (2014) 59

Cal. 4ᵗʰ 348, 360. "To compensate for the lack of [a]dequate financing of essential labor law enforcement,' the California legislature enacted PAGA to permit aggrieved employees to as private attorneys general to collect civil penalties for violations of the Labor Code." *Sakkab v. Luxottica* (9ᵗʰ Cir. 2015) 803 F.3d 425.

Statutory penalties would be calculated according to Labor Code 2699(f)(2): If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation.

"The superior court shall review and approve any settlement of any civil action filed pursuant to [PAGA]." California Labor Code §26991(1). In so doing, the court must consider whether the proposed "PAGA settlement is fair and adequate in view of the purposes and policies of the statue." *O'Connor v. Uber Techs., Inc.,* 201 F. Supp. 3D 1110, 1135 (N.D. Cal. 2016). Those purposes and policies include "benefit[ting] the public by augmenting the state's enforcement capabilities, encouraging compliance with Labor Code provisions, and deterring noncompliance." *Id.* at 1132-33; Accord *Syed v. M-1 LLC,* 2017 WL 714367, at *13 (E.D. Cal. Feb. 22, 2017) (concluding "the settlement amount related to plaintiffs' PAGA claims is fair, reasonable, and adequate in light of the public policy goals of PAGA.").

In deciding whether the settlement was "fair and adequate," the *Flores* court looked at how the parties divvied up the civil penalties under Section 2699(i) of the California Labor Code. *Flores* at 1076-77. As the court felt the parties' divisions of penalties was fair and adequate pursuant to the statute, the court approved the settlement. *Id.*

///

///

///

# III.

## DISCUSSION

The Parties reached the terms of their proposed settlement agreement following the exchange of extensive information, employment records, substantial legal research and analysis, and multiple negotiations between Plaintiff's counsel and Defense. The Parties submit that the proposed settlement of PAGA penalties and the potential Labor Code §203 penalties are fair, adequate, and reasonable.

### A. THE NATURE AND SCOPE OF THE ALLEGED VIOLATIONS

This lawsuit alleges Labor Code violations which triggered penalties under the Private Attorneys General Act statute. Plaintiff alleges that Defendant failed to pay employees vacation wages due at the time of separation of employment. The aggrieved employees were all furloughed without receiving at the time, vacation wages which have been accrued, but not used. Employees were furloughed for various periods of time, and some were eventually brought back to work and given their vacation benefits, others were ultimately formerly terminated at which time, Defendants have represented that those employees were paid all vacation wages due and owing.

Under California law, separation of employment, even if it is not the termination can trigger the deadline pursuant to California Labor Code §227.3 to pay outstanding wages. See Campos v. Employment Development Department (1982) 183 Cal.Rptr. 637 noting that an employee who is furloughed with no contractual right to return to work is best treated as having been terminated. See also the Division of Labor Standards Enforcement Opinion Letter 1996.05.30 which states that separation of employment triggering the deadline to pay unused PTO occurs when the employ has been furloughed or laid off and is unlikely to return within the same pay period.

In addition, Denise Fischer alleges that even at the time that vacation wages were paid, there were unlawful deductions and or failure to pay all wages owed. The

LWDA notice for both Mark Gill and Denise Fischer are attached to the Declaration of Charles P. Boylston as "Exhibits No. 2" and Exhibit No. 3", further setting forth the specific claims being made.

## B. ANALYSIS OF POTENTIAL LIABILITY, ON A REPRESENTATIVE BASIS

The catalyst of this litigation concerns allegations that Plaintiff and the non-party class members were not paid all wages due at separation of employment. The aggrieved employees, however, were mostly provided insurance benefits during the entire time they were off on furlough. Defendants have argued that if those employees were actually separated or if the furloughs were to be deemed at separation of employment, those employees were not supposed to be receiving health insurance benefits, and therefore, any penalties owed would be offset by the health insurance benefit pay. This results in some of the aggrieved employees potentially having to owe Defendant more than what they would recover under Labor Code §203 penalties.

The settlement agreed to by the parties provides for payment of reasonable penalties under the California Private Attorneys General Act based on the number of aggrieved employees affected by the policies and provisions. The court has discretion to reduce the award of PAGA penalties pursuant to Labor Code §2699(e)(2). The total amount sought by way of the settlement agreement with regard to the PAGA portion of the lawsuit is $6,875.00. In an effort to resolve any of the outstanding claims relating to the alleged vacation violation, the Parties have also agreed to a substantial amount distributed amongst aggrieved employees who would allegedly be owed some amount of individual penalties even after their recovery would be offset by the insurance payments made by the employer.

This settlement avoids the risks and costs of lengthy litigation on these issues. The employees do appear to have been paid, by Defendant, all PTO they were owed. Therefore, litigation in this matter would solely be about penalties associated with

the failure to pay those wages timely. This settlement further eliminates any potential liability employees might have for insurance payments made by Defendant after the furlough had become, at least constructively, a separation of employment. In the absence of this agreement, it is Defendant's position that some of the class members would end up actually owing Defendant money.

Based on the above factors, it is Plaintiff's counsel's opinion that the settlement is fair, adequate, and reasonable.

## C. **THE ALLOCATION OF PENALTIES, AND RELEASE OF CLAIMS**

While Labor Code § 2699(l) requires a court to "review and approve any penalties sought as part of a proposed settlement agreement," it does not provide any exact guidance from the state of California as to what specifically is to be reviewed. Given the significant amount of penalties agreed to and the deterrence of future Labor Code violations, Plaintiff submits the settlement meets all known grounds for approval.

Courts that have weighed in on the review of a PAGA settlement have held that the court must consider whether the proposed "PAGA settlement is fair and adequate in view of the purpose and policies of the statute." *O'Conner v. Uber Techs., Inc.,* 201 F. Supp. 3d 1110, 1135 (N.D. Cal. 2016).

Those purposes and policies include "benefit[ting] the public by augmenting the state's enforcement capabilities, encouraging compliance with Labor Code provisions, and deterring noncompliance." *Id.* at 1132033; Accord *Syed v. M-1 LLC,* 2017 WL 714367, at *13 (E.D. Cal. Feb. 22, 2017) (concluding "the settlement amount related to plaintiffs' PAGA claims is fair, reasonable, and adequate in light of the public policy goals of PAGA.").

Here the purposes of encouraging the compliance and deterring non-compliance have been met.

Defendant, and its counsel, deserve credit for their willingness to negotiate and reach a resolution rather than require the Parties to engage in extensive litigation,

delaying any recovery by the aggrieved non-parties and Plaintiff. Following arms-length negotiations, the Parties have reached a proposed settlement that includes a settlement payment to resolve claims for penalties under PAGA as well as penalties under Labor Code § 203 potentially available to those aggrieved members. (Decl. of Charles P. Boylston ¶ 13).

Here, the Parties seek to allocate $6,875.00 of the total settlement to the PAGA claims.   The LWDA will receive 65% of the $6,875.00 (Decl. of Charles P. Boylston ¶ 15). The remaining 35% will be disbursed as individual settlement amounts to the aggrieved employees. An additional amount of $20,125.00 will be distributed amongst the aggrieved employees as further set forth in the settlement agreement. If the matter were litigated for each individual claim, Counsel estimates the most any individual class member could recover would be approximately $7,700.00.  On average, recovery would be the most a class member could recover **less than $1,500.00** when we offset the penalties by potential charges relating to health benefits provided.   Some employees would actually end up owing the company money.   Under this agreement the least any employee will receive will be $100.00 (for those employees who received more in health benefits than the penalty they would recover under Ca. Labor Code §203) with a majority of the employees recovering over $1,700.00.

Plaintiff's counsel, Charles P. Boylston, has been practicing employment litigation for 25 years and contends that the amounts set forth are reasonable and sufficient to fairly compensate the LWDA and the aggrieved employees balancing out the potential risks and costs of litigation. (Decl. of Charles P. Boylston ¶ 2-3). The settlement will resolve the employee's claims with regard to the vacation pay and any potential PAGA claims.

///

///

///

# IV.

# **CONCLUSION**

The Parties respectfully request that the court approve their proposed PAGA settlement.

Dated: June 13, 2025                    The Law Offices of Charles P. Boylston, APC

Charles P. Boylston, Esq.,
Amber S. Jones, Esq.
Attorneys for PLAINTIFFS, Mark Gill &
Denise Fischer