Charles P. Boylston, SBN 204955
Amber S. Jones, SBN317786
The Law Offices of Charles P. Boylston, APC
41955 Fourth St., Suite 300
Temecula, CA 92590
Phone -(909) 825-9276
cboylston@boylstonlaw.com
ajones@boylstonlaw.com

Attorneys for Plaintiff, Mark Gill

JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

MARK GILL,

        Plaintiff,

  vs.

SKORPIOS TECHNOLOGIES, INC., and DOES 1 through 30,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.: 5:24-CV-01868-SSS-DTBx

**ORDER APPROVING PAGA SETTLEMENT & ENTRY OF JUDGMENT [DKT. 27]**

**TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

WHEREAS, this is an Action pending before this Court as an alleged representative action under the Private Attorneys General Act of 2025 ("PAGA"); and

WHEREAS, the Court has read and considered Plaintiffs' Application Seeking Approval of PAGA Settlement in accordance with the Parties' Joint Stipulation of Settlement and Release under the California Labor Code Private Attorneys General Act, California Labor Code § 269 8 et seq. ("Settlement Agreement"), a copy of which is attached hereto as **Exhibit No. 1**. The Court understands that the Settlement Agreement sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice. Based on a review of the submissions by the Parties and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. All terms used in the Settlement Agreement shall have the same meaning as defined therein.

2. The terms of the settlement are fair, adequate, and reasonable, and therefore, are approved by the Court.

3. Compensation to the Labor Workforce Development Agency ("LWDA") and the Aggrieved Employees shall be effected pursuant to the terms of the Settlement Agreement.

4. The Court hereby approves of the payment of Attorneys' Fees and Costs to Plaintiffs' Counsel to be effected pursuant to the terms of the Settlement Agreement.

5. Neither the settlement, nor any terms set forth in the Settlement Agreement, are an admission of liability or any wrongdoing by the Settling Defendant, nor is the Court's Order a finding of the validity of any claims in the Action or of any wrongdoing by the Settling Defendant.

6. Upon entry of this Order, all claims in the Action shall be and are hereby dismissed with prejudice. Moreover, the LWDA and each and every Aggrieved Employee, including Plaintiff, shall be deemed and hereby are deemed to have conclusively released and forever discharged the Defendant from the PAGA Released Claims, as defined in the Settlement Agreement, and are hereby permanently barred and enjoined from the institution or prosecution of any and all Released Claims against the Defendant.

7. This Order is intended to be a final disposition of the Action in its entirety.

8. The Court will retain jurisdiction over the Parties to enforce the settlement until performance in full of the terms.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

## JUDGMENT

9. The Court hereby enters final judgment in this Action in accordance with terms of the Settlement Agreement (Exhibit No. 1) and the Order Granting Plaintiffs' Application Seeking Approval of PAGA Settlement ("Final Order"). All terms used herein shall have the same meaning as defined in the Settlement Agreement.

10. Upon the Settlement Effective Date, as defined in the Settlement Agreement, Plaintiff and all Aggrieved Employees, shall have by operation of the Final Order and this Judgment, fully, finally and forever release, relinquished, and discharged the Defendant from the Released Claims as those terms are respectively defined in the Settlement Agreement, and are hereby forever barred and enjoined from prosecuting such Released Claims against the Defendant.

**IT IS SO ORDERED.**

Dated: August 4, 2025

_____
SUNSHINE S. SYKES
United States District Judge